IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAKESHIA AARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 2:23-CV-374-MHT |
| | ) |
| TERESA L. FERRELL a/k/a | ) |
| TERESA L. BRIGGS, | ) |
| | ) |
| Defendants. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW the Parties in the above action by and through their undersigned counsel and in accordance with Rule 26(f), hereby submit the following Joint Preliminary Planning Report and Discovery Plan.

1. **Description of Case:**

    (a)   Describe briefly the nature of this action.

    **This is an action seeking damages related to disclosure of intimate images under 15 U.S.C. § 6851**

    (b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Previously, Plaintiff and Jasper Thornton were in an intimate relationship. At that time, Plaintiff provided Mr. Thornton with a video containing intimate visual depictions of herself that was not intended for disclosure or distribution to anyone other than Thornton. Sometime after Plaintiff and Thornton ended their relationship, Thornton became involved in an intimate relationship with Defendant Ferrell. Upon information and belief, Defendant obtained the above-described video of Plaintiff from Thornton. On or about October 11, 2022, Defendant disclosed the video containing intimate depictions of Plaintiff to Erashei Noden through Facebook Messenger, in violation of 15 U.S.C. § 6851.**

(c) The legal issues to be tried are as follows:

1. **Disclosure of intimate images in violation of 15 U.S.C. § 6851**
2. **Damages**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

**2**. This case is complex because it possesses one or more of the features listed below (please check):

    \_\_\_\_\_(1)    Unusually large number of parties

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

    \_\_\_\_\_(3)    Factual issues are exceptionally complex

    \_\_\_\_\_(4)    Greater than normal volume of evidence

    \_\_\_\_\_(5)    Extended discovery period is needed

    \_\_\_\_\_(6)    Problems locating or preserving evidence

    \_\_\_\_\_(7)    Pending parallel investigations or action by government

    \_\_\_\_\_(8)    Multiple use of experts

    \_\_\_\_\_(9)    Need for discovery outside United States boundaries

    \_\_\_\_\_(10)    Existence of highly technical issues and proof

    \_\_\_\_\_(11)    Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

|  |  |
|---|---|
| Plaintiff: | Joseph W. Weeks, Esq.<br>McNally Weeks<br>125 Clairemont Avenue<br>Suite 450<br>Decatur, GA  30030-2560<br>Phone: (404) 373-3131<br>Fax (404) 373-7286<br>jweeks@mcnallyweeks.com<br>Counsel for Plaintiff |
| Defendant: | Amardo W. Pitters, Esq.<br>Law Offices of A. Wesley Pitters<br>1145 South Perry Street (36104)<br>P.O. Box 1973<br>Montgomery, AL 36102-1973<br>Phone: (334) 265-3333<br>Fax: (334) 265-3411<br>awpitters@pitterslawfirm.com<br>Counsel for Defendant |

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

Yes _____      No __X__

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

   (a)   The following persons are necessary parties who have not been joined:

4

**None.**

(b)    The following persons are improperly joined as parties:

**None.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions for any party that wishes to move to amend a pleading or other document are found in ALMD Local Rule 15.1

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None at this time**

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have

been filed, will not be accepted for filing, unless otherwise permitted by law. Additionally, refer to LR 15.1.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.

All motions to amend must be filed WITHIN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, unless the filing party has obtained prior permission of the court to file later.

(a)     *Motions to Compel*: Motions to Compel Discovery must be filed before the close of discovery, or within the extension period allowed in some instances.

(b)     *Summary Judgment Motions:* Motions for Summary Judgment must be filed within thirty days after the close of discovery, unless the filing party has obtained prior permission of the court to file later.

(c)     *Dispositive Motions*: Per the Court's Order dated December 4, 2023 [Doc. 24], Dispositive motions shall be filed no later than 120 days prior to the pretrial conference date.

(d)     *Other Motions*: Refer to ALMD Local Rules 5.5, 5.6, 5.7, and 5.8, regarding form, instructions, and filing limitations for motions.

(e)  *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony must be filed no later than the date that the proposed pretrial order is submitted.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time unless the Court is inclined not to agree with the parties' proposed discovery plan.  See 10 and 11(a) below.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  Refer to ALMD Local Rules 26.2 and 26.3 for instructions regarding the form of certain discovery documents and the non-filing of discovery documents except under certain circumstances. Per the Court's Order dated

December 4, 2023 [Doc. 24], the discovery period will end 28 days before the date of the pretrial conference or after eight (8) months, whichever is later.

Please state below the subjects on which *discovery* may be needed:

**As of the date of this writing, the Plaintiff and Defendant have not exchanged written discovery, and neither party has been deposed. The parties contemplate further discovery as to Defendant's violations as alleged by Plaintiff in her Complaint, as to the damages alleged by Plaintiff, and as to the experts who may eventually be identified. The parties contemplate deposition and documentary discovery on expert and factual witnesses. The parties, therefore, request an eight (8) month discovery period.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to *complete* discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a)     What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b) Is any party seeking discovery of electronically stored information?

Yes __X__  No ____

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**As to any limitations on electronic discovery, counsel for all parties have agreed to discuss and seek agreement on this matter after service of discovery requests that would relate to the same. The parties do not believe that a scheduling conference on this issue will be productive until the parties have identified what subjects would be addressed by such requests.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**As to the format of production of electronic discovery, counsel for all parties have agreed to discuss and seek agreement on this matter after service of discovery requests that would relate to electronically stored information. The parties do not believe that a scheduling conference on this issue will be productive until the parties have identified what subjects would be addressed by requests for electronic discovery.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties request an order setting the discovery period at eight (8) months.**

13. **Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 7, 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

|  |  |
|---|---|
| For Plaintiff: Lead counsel | /s/Joseph W. Weeks |
|  | Joseph W. Weeks |
|  |  |
| Other Participants: | None |
|  |  |
| For Defendant: Lead Counsel | /s/Amardo W. Pitters |
|  | Amardo W. Pitters |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

(__) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

( X ) No possibility of settlement.

(c) Counsel (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(d) The following specific problems have created a hindrance to settlement of this case.

**None known at this time.**

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ of _____, 2023.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

/s/Joseph W. Weeks
Joseph W. Weeks, Esq.
Georgia Bar No.: 912341
McNally Weeks
125 Clairemont Avenue
Suite 450
Decatur, GA  30030
Phone: (404) 373-3131
Fax (404) 373-7286
jweeks@mcnallyweeks.com
Counsel for Plaintiff

/s/Amardo W. Pitters
Amardo W. Pitters, Esq.
Alabama Bar No.: 8998-T64A
Law Offices of A. Wesley Pitters
1145 South Perry Street (36104)
P.O. Box 1973
Montgomery, AL 36102-1973
Phone: (334) 265-3333
Fax: (334) 265-3411
awpitters@pitterslawfirm.com
Counsel for Defendant

* * * * * * * * * * * *

## SCHEDULING ORDER

    Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

    IT IS SO ORDERED, this _____ day of _____ , 2023.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAKESHIA AARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 2:23-CV-374-MHT |
| ) | |
| TERESA L. FERRELL a/k/a ) | |
| TERESA L. BRIGGS, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 18th, 2023, I electronically filed the within and foregoing *Joint Preliminary Report and Discovery Plan* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Amardo W. Pitters, Esq.

Respectfully submitted this 18th day of December, 2023.

McNALLY WEEKS

/s/Joseph W. Weeks
Joseph W. Weeks, Esq.
Georgia Bar No.: 912341
*Attorney for Plaintiff*

125 Clairemont Avenue, Suite 450
Decatur, GA 30030

14

(404) 373-3131
(404) 373-7286 (Fax)
jweeks@mcnallyweeks.com