```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

            MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


LAKESHIA AARON,                  )
                                 )
      Plaintiff,                 )
                                 )      CIVIL ACTION NO.
      v.                         )        2:23cv374-MHT
                                 )
TERESA L. FERRELL a/k/a          )
Teresa L. Briggs,                )
                                 )
      Defendant.                 )
```

## UNIFORM SCHEDULING ORDER

**Please read this order carefully**.  These deadlines and responsibilities may not be changed without leave of court.  All parties are expected to comply with each and every provision of this order in a timely manner. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

Under Rule 16, Federal Rules of Civil Procedure, the court is required to set a schedule for discovery and the filing of motions.  Accordingly, it is ORDERED as follows:

SECTION 1:  Trial and Pretrial Dates.  A pretrial conference is scheduled for February 27, 2025, in Montgomery, Alabama.  This cause is set for trial during the term of court commencing on April 14, 2025, in Montgomery, Alabama.

SECTION 2:  Dispositive Motions.  Dispositive motions, *e.g.*, motions for summary judgment, shall be

filed no later than October 2, 2024.  A brief and all supporting evidence shall be filed with any such motion.  In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference may result in the evidence not being considered by the court.

*Daubert* motions shall be filed on or before the above dispositive-motions deadline, unless the deadline is modified by the court upon motion of a party demonstrating good cause.

SECTION 3:  Mediation.  <u>Middle District of Alabama Local Rule 16.1 concerning the *voluntary* nature of the court's mediation program is hereby suspended and the following *mandatory* mediation obligation is to be followed</u>.  All other aspects of L.R. 16.1 continue to apply.  No later than September 4, 2024, all remaining parties shall mediate this case, with either a private mediator mutually agreeable to the parties (and at a cost to be borne by the parties as they agree) or a magistrate judge free of charge.  If the parties choose to mediate by magistrate judge, they shall provide the magistrate judge with <u>three</u> agreed-upon dates for mediation.  Not more than FIVE BUSINESS DAYS after mediation, counsel shall jointly file a pleading titled "Notice Concerning Mediation."  This pleading shall indicate whether settlement or a resolution was reached short of a trial.

SECTION 4:  Amendments to Pleadings.  Motions to amend the pleadings and to add parties shall be filed by the parties on or before March 21, 2024.

SECTION 5: Class Certification.  Neither party has alleged that this is a class action.  No motion for

2

class certification may be filed without prior leave of the court.

SECTION 6: Responses to Motions. The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

SECTION 7: Discovery Cutoff. All discovery shall be completed on or before September 4, 2024, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

SECTION 8: Expert Witness Disclosures. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before 90 days prior to dispositive-motion deadline.

From the defendant(s), on or before 60 days prior to dispositive-motion deadline.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after disclosure of any expert witness,

the disclosure shall be deemed to be in full compliance with the Rule.

SECTION 9:  Trial Witness Lists.  No later than 42 days prior to trial date, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.  Objections to any witness identified must be filed no later than 28 days before the trial date and shall set out the grounds and legal authority.  The offering party shall file a written response to objections no later than 21 days before the trial date.

SECTION 10:  Deposition Designations.  No later than 42 days prior to the trial date, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible.  Designation of entire depositions is not allowed.  Adverse parties shall within one week thereafter file deposition designations expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the

4

exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are filed 28 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.  Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.  The offering party shall file a written response to objections no later than 21 days before the trial date.

SECTION 11:  Trial Exhibits.  No later than 42 days prior to trial date, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial. <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u>  The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence.  Objections shall be filed 28 days prior to the trial date, and shall set forth the grounds and legal authorities.  The offering party shall file a written response to the objections no later than 21 days prior to trial and shall include a pre-marked copy of the evidence at issue.</u>

SECTION 12: Discovery Plan. Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (Doc. 27) is adopted and incorporated herein.

SECTION 13: <u>Other Deadlines for Jury Trials</u>. The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 21 days prior to the trial date unless said time is shortened by the court on motion of either party. Objections to motions in limine, fully briefed, must be filed on or before 14 days before the trial date. Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at https://www.almd.uscourts.gov/jurors/juror-information.

SECTION 14. <u>Trial Date Defined.</u> In cases involving jury trials, the term TRIAL DATE as used in the foregoing deadlines shall mean the date on which the term of court commences as specified in SECTION 1.

SECTION 15: General Provisions

(A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that

fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C)  Any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to propord_thompson@almd.uscourts.gov. For these purposes, the electronic copy should be in Word format and not in WordPerfect or Adobe Acrobat PDF format. If the proposed order relates to discovery matters, *e.g.*, a HIPAA order or protective order, an electronic copy of the proposed order should be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at whose address may be found at http://www.almd.uscourts.gov/judges/judges-and-courtrooms by selecting the particular judge's link.

(D)  If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this order is modified by subsequent order of the court, the provisions herein above set out are binding on the parties.

DONE, this the 4th day of January, 2024.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL OPTION

In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, you are notified that a United States magistrate judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court.

A copy of the form for consenting to the exercise of the jurisdiction by a United States magistrate judge is attached and also is available from the Clerk of the Court.

**The district court docket is very congested.** There are advantages to consenting to a trial before a magistrate judge. The principal advantage is that the magistrate judge does not have a docket such as do the district judges and is very flexible on giving you a time to try your case. The Court assures you that all of our magistrate judges are extremely competent and knowledgeable of the law and the procedures necessary to try any civil case. Because the magistrate judge will be conducting the discovery proceedings in the case, he or she will be more familiar with the case than will the district judge. If you do elect to proceed to trial before a magistrate judge, you should notify the district judge to whom your case is assigned so that he, as a matter of courtesy, may telephone the magistrate judge and inform him or her that you desire to try your case before him or her. The parties are encouraged to consider this as an alternative in order to move cases along while resources are very limited. The form and notice of availability of a magistrate judge are attached. The parties are advised that they are free to withhold their consent without adverse consequences.

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff* ) ) v. ) *Defendant* ) ) ) | Civil Action No. |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.