IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LAKESHIA AARON,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )        CASE NO. 2:23-CV-374-MHT
                                   )
TERESA L. FERRELL,                 )
A/K/A TERESA L. BRIGGS,            )
                                   )
        Defendant.                 )

## CLERK'S ENTRY OF DEFAULT

On March 6, 2024, Plaintiff filed a Second Amended Application to Clerk for Entry of Default against Defendant Teresa L. Ferrell, a/k/a Teresa L. Briggs. (Doc. # 29.)  Plaintiff seeks the entry of default under Rule 55(a) of the Federal Rules of Civil Procedure because Defendant failed to serve an answer within fourteen days of the Court's Order denying Defendant's pre-answer motion to dismiss on December 4, 2023 (Doc. # 23).  *See* Fed. R. Civ. P. 12(a)(4)(A).  According to Defendant, Plaintiff's application apprised Defendant of her "oversight" (Doc. # 32), and the same day, Defendant filed her answer (Doc. # 30), *albeit* belatedly and without leave of court.  For the reasons to follow, Defendant's default will be entered.

Rule 55(a) requires the clerk to enter a defendant's default when that defendant "has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise . . . ."  Fed. R. Civ. P. 55(a).  When Plaintiff filed the application for entry of default, Defendant had failed to plead by Rule 12(a)(4)(A)'s fourteen-day deadline, and Plaintiff's application demonstrated that failure. Defendant thereafter filed her untimely answer.  (Doc. # 30.)  She did not obtain, however, leave from the Court to file the answer out of time, *see* Fed. R. Civ. P. 6(b)(1), and there is authority that a default is "not cured by the unauthorized filing of an untimely Answer."  *Voter Verified, Inc. v. Premier Election Sols., Inc.*, 2010 WL 1002648, at *3 (M.D. Fla. Mar. 18, 2010); *but see In re Clark*, 2010 WL 2639842, at *3 (W.D. Wash. June 28, 2010) (finding that Rule 55(a) "does not require a timely answer").  While Defendant has filed a response opposing the entry of default and arguing "excusable neglect" for her failure to timely answer (Doc. # 32), that argument focuses on the standard set out in Rule 6(b)(1).  Rule 6(b)(1) does not authorize the clerk to excuse an untimely filing or extend an expired deadline based on excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

For the foregoing reasons, DEFAULT is entered against Defendant Teresa L. Ferrell, a/k/a Teresa L. Briggs, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

DONE this 9th day of April, 2024.

/s/ Trey Granger
Trey Granger, Clerk of Court
United States District Court
Middle District of Alabama

2