IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LAKESHIA AARON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-374-MHT-CWB |
| | ) | |
| TERESA L. FERRELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lakeshia Aaron filed this action on June 9, 2023 to assert a claim against Teresa L. Ferrell under 15 U.S.C. § 6851. (*See* Doc. 1). After proceeding through discovery, the parties waived all rights to a jury trial and stipulated to a bench trial before a United States Magistrate Judge. (*See* Docs. 59 & 60). The undersigned held a bench trial on April 29, 2025 (*see* Doc. 65) and hereby makes formal findings of fact and conclusions of law.

**I.   Nature of the Claim**

This action involves a private video that Plaintiff Aaron sent to a romantic partner. Plaintiff Aaron alleges that the video was obtained by Defendant Ferrell and disclosed to others via Facebook without her advance knowledge or consent. A claim thus was brought pursuant to 15 U.S.C. § 6851(b)(1), which affords a private right of action against a person who discloses an "intimate visual depiction" of an individual "using any means or facility of interstate or foreign commerce" under circumstances "where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure." Plaintiff Aaron has disclaimed any actual damages but seeks statutory damages of $150,000.00, plus equitable relief and attorney's fees/costs—all as permitted under 15 U.S.C. § 6851(b)(3).

Defendant Ferrell for her part has stipulated that Plaintiff Aaron meets the definition of a "depicted individual" who may bring a claim and that the video at issue meets the definition of an "intimate visual depiction." *See* 15 U.S.C. § 6851(a)(3) & (5). However, Defendant Ferrell expressly denies that she disclosed the video to anyone. *See* 15 U.S.C. § 6851(a)(4) ("The term 'disclose' means to transfer, publish, distribute, or make accessible.").

It now falls upon the court to resolve the underlying dispute of fact, *i.e.*, whether Defendant Ferrell did or did not disclose the subject video in violation of 15 U.S.C. § 6851. Because relief is being sought under federal law, the court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1331. Personal jurisdiction and venue have not been contested, and the record is adequate to support both.

## II.   Factual Findings[1]

For many years, Plaintiff Aaron has been involved in an on-again/off-again relationship with Jasper Thornton. (Doc. 68 at pp. 17, 29-30). During the period surrounding October 2022, Thornton was romantically linked with both Plaintiff Aaron and Defendant Ferrell at various, and sometimes overlapping, times. (*Id*. at pp. 20, 24-25, 35, 57). As relevant here, Plaintiff Aaron received a text message from a friend—Erashei Nowden—in early October 2022 stating that "Teresa got a video of you dancing naked" and "[s]he sending it around to people on Facebook." (*Id*. at pp. 20, 45-46 & Plaintiff's Exhibit 1).[2]

---

[1] The court's findings of fact are based upon an assessment of credibility in light of each witness's appearance and demeanor at trial.

[2] The testimony of Erashei Nowden was perhaps the most significant testimony given at trial. Although Nowden admittedly is close friends with Plaintiff Aaron (Doc. 68 at p. 44), there is no indication that she harbors any type of animosity toward Defendant Ferrell or would have possessed any motive for falsely accusing Defendant Ferrell of disclosing the subject video (*id*.). The court nonetheless acknowledges that Nowden failed to support her testimony with any type of screenshots that would have shown more conclusively that Defendant Ferrell did in fact disclose the video as alleged. (*See id*. at pp. 48-49; *see also id*. at pp. 27, 36, 39).

Plaintiff Aaron previously had sent Jasper Thornton a video matching the description of what her friend had seen online.  (*Id*. at pp. 18-18, 21; *see also* Plaintiff's Exhibits 2 & 3).  And Plaintiff Aaron understood "Teresa" to be Defendant Terrell—who also had maintained a romantic relationship with Jasper Thornton.  (*Id*. at p. 21).  Nothing in the record suggests that Plaintiff Aaron sent the video to anyone other than Jasper Thornton or consented to its further disclosure beyond Jasper Thornton.  (*Id*. at pp. 18, 21).

Jasper Thornton in turn testified that Plaintiff Aaron sent him a private video that he kept stored on his cellphone (*id*. at p. 29) and that he awoke following a romantic encounter in October 2022 to find Defendant Ferrell looking through his cellphone (*id*. at pp. 30, 34-36).  It was only a few days later that the video surfaced on the Facebook group chat.  (*Id*. at p. 32).[3]

Defendant Ferrell denies disclosing the video to any other person.  (*Id*. at pp. 59, 67, 70).  However, she by her own admission was aware of the video and had access to Jasper Thornton's cell phone and iCloud account.  (*Id*. at pp. 57-58, 61).  Moreover, Defendant Ferrell admitted making a contemporaneous social media post that referred to having gone through "his" cell phone and finding videos involving other women.  (*Id*. at p. 64 & Plaintiff's Exhibit 1).

Under the totality of the circumstances presented, the court finds the trial testimony of Jasper Thornton to be more credible than that given by Defendant Ferrell.  The court thus finds it more likely than not that Defendant Ferrell—upset over the relationship with Plaintiff Aaron—acquired the video from Jasper Thornton's cell phone/iCloud account and disclosed the video via a Facebook group chat where it was observed by Erashei Nowden.

---

[3]  The court recognizes that Jasper Thornton and Plaintiff Aaron were married to each other at the time of trial (*id*. at pp. 17, 28-29), and the court has factored such potential bias into its credibility analysis.  So too has the court factored in Jasper Thornton's prior felony conviction for fraud.  (*Id*. at p. 34).  Yet the court finds Jasper Thornton's credibility to be bolstered by his candid responses regarding various sensitive matters asked about on cross-examination.  (*Id*. at pp. 37-38).

### III.     Conclusion of Law

To prevail under 15 U.S.C. § 6851, a plaintiff must show (1) that he or she is "an individual whose intimate visual depiction is disclosed," (2) that the disclosure was "in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce," and (3) that "such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure."

Defendant Ferrell has stipulated that the first element is satisfied here. Indeed, the court finds that Plaintiff Aaron is identifiable in the video, *see* 15 U.S.C. § 6851(a)(3), and therefore concludes that the video is of such form and substance to constitute an "intimate visual depiction," *see* 15 U.S.C. § 6851(a)(5).

As to the second element, the court finds that the video was disclosed within a group chat conducted using Facebook. Facebook is a social media platform accessed through the internet and has been found to affect interstate commerce. *See United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (holding that "[t]ransmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce ... ."); *Doe v. Sultan*, No. 23-00667, 2023 WL 7027976, at *2 (W.D.N.C. Oct. 25, 2023) (finding that an intimate video posted on Facebook violated § 6851); *K.I. v. Tyagi*, No. CV 1:23-2383, 2024 WL 4732703, at *5 (D. Md. Nov. 8, 2024), report and recommendation adopted, No. 1:23-CV-02383, 2024 WL 5399243 (D. Md. Nov. 25, 2024) ("There can be little doubt that the internet—through which WhatsApp operates and connects users—is a facility of interstate or foreign commerce.") (internal citations omitted). Accordingly, the court concludes that the disclosure was "in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce." *See* 15 U.S.C. § 6851(b)(1)(A).

And as to the third element, there is no evidence that Defendant Ferrell had the consent of Plaintiff Aaron to disclose the video or that she undertook any effort to investigate whether Plaintiff Aaron had consented to further disclosure. The court thus must conclude that Defendant Ferrell at least "recklessly disregard[ed]" whether Plaintiff Aaron had consented to the disclosure. *See* 15 U.S.C. § 6851(b)(1)(A).

Although Defendant Ferrell has argued that Plaintiff Aaron voluntarily sent the video to Jasper Thornton and imposed no limitations on its use, the court will not imply consent from silence—particularly in light of the nature and circumstances of the video at issue. To accept Defendant Ferrell's reasoning would effectively condone the unlimited disclosure of otherwise protected communications <u>unless</u> the sender proactively includes an express limitation in that regard. Such an approach would render 15 U.S.C. § 6851 largely unenforceable and would be directly contrary to the plain language of the 15 U.S.C. § 6851 itself. *See* 15 U.S.C. §6851(b)(2) ("[T]he fact that the individual disclosed the intimate visual depiction to someone else shall not establish that the person consented to the further disclosure of the intimate visual depiction by the person alleged to have violated paragraph (1)."). It likewise is incorrect that a single message sent and received within Montgomery, Alabama would preclude the required nexus with interstate commerce. Finally, Defendant Ferrell asserts that Plaintiff Aaron should be barred from recovery because she has personally posted similar content on Facebook. Although it may be true that Plaintiff Aaron posted other sexually themed photos and videos online, the reality remains that she did not choose to make public the particular video that she sent to Jasper Thornton privately. Nor did Congress preclude an individual from seeking relief under 15 U.S.C. § 6851 simply because he or she might have chosen to share <u>other</u> intimate content at another time.

**IV.     Conclusion**

For the reasons set out above, the court hereafter will enter judgment in favor of Plaintiff Aaron and against Defendant Ferrell on the claim brought under 15 U.S.C. § 6851.

**DONE** this the 21st day of July 2025.

                                          **CHAD W. BRYAN**
                                        **UNITED STATES MAGISTRATE JUDGE**